UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE D. MOORE,

    Petitioner,

v.                                        Case No. 16-11047

JEFFERY WOODS,

    Respondent.
_____/

## ORDER DENYING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Tyrone D. Moore recently filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. # 1.) The petition and exhibits indicate that, on July 24, 2003, Petitioner was arraigned in the 36th District Court in Detroit, Michigan on charges of first-degree murder, Mich. Comp. Laws § 750.316, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. (Dkt. # 1, Pg. ID 21.) Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and felony firearm, Mich. Comp. Laws § 750.227b, and was sentenced to a term of imprisonment. (*Id.* at Pg. ID 33.)

Petitioner, still serving his sentence, filed his habeas corpus petition in this Court on March 21, 2016. (Dkt. # 1.) He alleges that he is incarcerated in violation of his constitutional right to due process and as a result of the State's unconstitutional

procedures under Michigan Court Rule 6.104(E).[1] More specifically, Petitioner contends that he was arraigned in state district court without the benefit of counsel and ordered to stand mute. He maintains that he did not competently and intelligently waive his right to

---

[1] This court rule reads:

**(E) Arraignment Procedure; Judicial Responsibilities.** The court at the arraignment must

(1) inform the accused of the nature of the offense charged, and its maximum possible prison sentence and any mandatory minimum sentence required by law;

(2) if the accused is not represented by a lawyer at the arraignment, advise the accused that

  (a) the accused has a right to remain silent,

  (b) anything the accused says orally or in writing can be used against the accused in court,

  (c) the accused has a right to have a lawyer present during any questioning consented to, and

  (d) if the accused does not have the money to hire a lawyer, the court will appoint a lawyer for the accused;

(3) advise the accused of the right to a lawyer at all subsequent court proceedings and, if appropriate, appoint a lawyer;

(4) set a date withinfor a probable cause conference not less than 7 days or more thanthe next 14 days after the date of arraignment and set a date for preliminary examination not less than 5 days or more than 7 days after the date of the probable cause conference;

(5) determine what form of pretrial release, if any, is appropriate; and

(6) ensure that the accused has been fingerprinted as required by law. The court may not question the accused about the alleged offense or request that the accused enter a plea.

counsel and that the order to stand mute violated his right to object to the state magistrate's procedures. Thus, according to him, the state trial court lacked jurisdiction to convict and sentence him and the state court's judgment is void. He seeks immediate release from his allegedly unlawful imprisonment.

## II. DISCUSSION

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), a federal court may entertain an application for the writ of habeas corpus only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petition is subject to summary dismissal if "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Petitions in the United States District Courts. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Petitioner's pleading is legally insufficient and subject to dismissal for several reasons. First, Petitioner has failed to exhaust state remedies for his claims, as required by 28 U.S.C. § 2254(b)(1).[2] Petitioner argues that it would be futile to exhaust state remedies because it is too late to challenge the state magistrate's decision to bind him over to circuit court and because the state courts have preordained the results of motions for relief from judgment under subchapter 6.500 of the Michigan Court Rules. (Dkt. # 1, Pg. ID 12, 14.)

---

[2] It also appears that Petitioner has failed to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). However, because the court has not given Petitioner notice of the fact that his petition may be time-barred, the court will dismiss the habeas petition on other grounds.

Even if the court excused the exhaustion requirement,[3] Petitioner's claim that the state courts violated Michigan Court 6.104(E) lacks merit because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Similarly, the contention that the state trial court lacked jurisdiction to convict and sentence Petitioner is meritless because the "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Although Petitioner also contends that the state courts violated his constitutional right to counsel and to due process of law at his arraignment, this claim also lacks merit. It is true that "a criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." *Rothgery v. Gillespie Cty., Tex.,* 554 U.S. 191, 213 (2008). Petitioner, however, ultimately pleaded guilty to second-degree murder, felon in possession of a firearm, and felony firearm, and the Supreme Court has said that,

> [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

---

[3] The rule requiring exhaustion of state remedies is not a jurisdictional requirement. *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  In other words,

> [a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 488 U.S. 563, 569 (1989).

Petitioner is not attacking the voluntariness of his guilty plea, and he has not alleged that he was not represented by counsel at his plea or that his plea was conditioned on the right to challenge the proceedings used at his arraignment. Therefore, his constitutional claim is foreclosed by his plea.

### IV.  DENYING A CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may appeal a district court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the claims deserve encouragement to proceed further.  The

Court therefore declines to grant a certificate of appealability.

### III. CONCLUSION

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus (Dkt. # 1) is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 16, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 16, 2016, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522